UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUE F.C. ABREU, | No. 2: 25-cv-0813 CSK P |
| Plaintiff, | ORDER |
| v. | |
| SHASTA COUNTY SHERIFF'S OFFICE, et al., | |
| Defendants. | |

    Plaintiff is a county jail inmate proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These

payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

I.   SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

        The Civil Rights Act

To state a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

II.    PLAINTIFF'S COMPLAINT

In his first claim, plaintiff alleges "corruption," and states that due to law enforcement's failure to protect plaintiff's rights from gang stalkers and human and sex traffickers, he was left to defend himself against defendant Perry Fore, and was "lied on" by defendant Daniel Simmons, which led to a false arrest report, that led to plaintiff's false imprisonment, that led to false conviction.  (ECF No. 1 at 3.)  In his second claim, plaintiff alleges "retaliation," and "corruption," again citing false arrest, reports and imprisonment.  (Id. at 4.)  In claim three,

plaintiff claims that defendant Perry Fore threatened plaintiff and defendant Daniel Simmons gave a false statement, defendant Sheriff's Deputy Micah B. Scheibe falsified the arrest report, that all led to "over a year of exposure to abuse, neglect and mistreatment of the mentally ill" while plaintiff was housed at the Shasta County Jail. (Id. at 5.)

As injury, plaintiff claims he has lost his freedom, suffered emotional distress, and lost income. Plaintiff seeks money damages and an internal affairs investigation.

III.   DISCUSSION

   A. Improper Defendants

Plaintiff names two individuals, Perry Fore, then owner of Roosters Landing, Anderson, California, and Daniel W. Simmons, then lessor of Roosters Landing, as defendants. (ECF No. 1 at 2.) However, plaintiff includes no allegations demonstrating that these individuals acted under color of state law. See West, 487 U.S. at 48.

   B. Ongoing Criminal Proceedings

Plaintiff claims that he is being subject to retaliatory false charges. Under Younger v. Harris, 401 U.S. 37 (1971), federal courts may not interfere with a pending state criminal case. "Younger abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1091-92 (9th Cir. 2008) (citations and footnote omitted). Younger abstention is required

> if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that Younger disapproves.

Id. at 1092 (citations omitted).

Here, the Court finds that the four requirements for exercising Younger abstention are met. Based on the allegations in the complaint and plaintiff's numerous subsequent filings, the state-initiated criminal proceeding against plaintiff was ongoing at the time he filed the instant

action.[1] (ECF No. 1, 5-7, 8, 10.) "The critical date for purposes of deciding whether abstention principles apply is the date the federal action is filed." Gilbertson v. Albright, 381 F.3d 965, 969 n.4 (9th Cir. 2004) (en banc). In addition, if a prisoner is convicted, the Younger abstention doctrine applies while a case works its way through the state appellate process. New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 368-69 (1989) ("When, in a proceeding to which Younger applies, a state trial court has entered judgment, the losing party cannot, of course, pursue equitable remedies in federal district court while concurrently challenging the trial court's judgment on appeal"); Canales-Robles v. Peters, 270 F. Supp. 3d 1230, 1241 (D. Or. 2017) ("To the extent Canales-Robles seeks intervention in his ongoing post conviction relief case, Younger requires declining jurisdiction over Canales-Robles's claims for injunctive relief").

The second requirement for Younger abstention is also met because "state criminal proceedings implicate important state interests." Lazarus v. Baca, 389 F. App'x 700, 701 (9th Cir. 2010) (citing Kelly v. Robinson, 479 U.S. 36, 49 (1986)); Rose v. Mitchell, 443 U.S. 545, 585 (1979); Younger, 401 U.S. at 43-44). Third, no reason exists that would bar the state court from addressing plaintiff's claims. Further, allowing plaintiff to proceed in federal court before the conclusion of his state court proceedings would have the practical effect of enjoining the state proceedings, because a decision in plaintiff's favor would require a finding that the pending charges were falsified. Thus, the fourth Younger requirement is met.

Accordingly, this Court should not interfere with plaintiff's ongoing state criminal proceedings, and finds that this action is barred under the Younger abstention doctrine. See Younger, 401 U.S. at 44-45.

C. Failure to State a Claim

Finally, even if abstention under Younger was not appropriate, plaintiff failed to allege personal involvement by the remaining defendants, Shasta County Sheriff's Office and Deputy

---

[1] The Shasta County Superior Court's online docket confirms ongoing criminal proceedings against plaintiff. See Shasta County Superior Court docket for Case No. 24F-05063. Plaintiff was sentenced on April 4, 2025. Id.

Micah B. Scheibe, in any alleged constitutional violation. (ECF No. 1 at 3-6.) See <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998) (liability under § 1983 must be based on the personal involvement of the defendant). Thus, plaintiff fails to state a cognizable civil rights claim against either defendant Shasta County Sheriff's Office or Deputy Micah B. Scheibe.

### D. Conclusion

The majority of plaintiff's allegations are barred under <u>Younger</u>, and plaintiff cannot state a claim against defendants Perry Fore and Daniel W. Simmons where there are no allegations demonstrating that these individuals acted under color of state law. Plaintiff includes no charging allegations as to the remaining defendants Shasta County Sheriff's Office and Deputy Micah B. Scheibe. Therefore, plaintiff's complaint must be dismissed. Fed. R. Civ. P. 8(a)(2). In an abundance of caution, the Court will, however, grant leave to file an amended complaint.

## IV. LEAVE TO AMEND

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See e.g., <u>West</u>, 487 U.S. at 48. Also, the complaint must allege in specific terms how each named defendant is involved. <u>Rizzo v. Goode</u>, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo</u>, 423 U.S. at 371; <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See <u>Ramirez v. Cnty. of San Bernardino</u>, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim

and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 8) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: April 7, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/abre0813.14n

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUE F.C. ABREU,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SHASTA COUNTY SHERIFF'S OFFICE, et al.,<br><br>　　　　　Defendants. | No.  2: 25-cv-0813 CSK P<br><br><br>NOTICE OF AMENDMENT |

　　　Plaintiff submits the following document in compliance with the court's order filed on _____ (date).

　　　☐　Amended Complaint
　　　(Check this box if submitting an Amended Complaint)

DATED:

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Plaintiff