UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUE F.C. ABREU, | No. 2: 25-cv-0813 CSK P |
| Plaintiff, | ORDER |
| v. | |
| SHASTA COUNTY SHERIFF'S OFFICE, et al., | |
| Defendants. | |

Plaintiff is a former county jail inmate proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. On April 8, 2025, plaintiff's complaint was dismissed with leave to amend. On April 18, 2025, plaintiff filed a document entitled "Amended Complaint." (ECF No. 13.) However, plaintiff's filing is more in the nature of a letter objecting to the Court's screening order. Therefore, as discussed below, plaintiff's "amended complaint" is dismissed, and plaintiff is granted an extension of time to file a second amended complaint or, if he prefers, he may voluntarily dismiss this action.

I.      PLAINTIFF'S "AMENDED COMPLAINT"

Plaintiff objects that his original complaint brought to the Court's attention alleged "corruption, domestic human trafficking, falsified arrest reports, lack of crime scene investigation, a 24 hour rape club," "physical, emotional, sexual abuse and neglect" taking place

1

at the Shasta County Jail and Sheriff's Office over the last eight months, and plaintiff was forced to live in this abusive situation which caused him to have a mental breakdown. (ECF No. 13 at 1.) As a result, plaintiff claims his behavior was used to find him guilty of a crime he did not commit against a man plaintiff had never seen prior to plaintiff's trial. (Id.) Plaintiff also claims two women were sexually assaulted on the day plaintiff received the Court's order. (Id.) Plaintiff states that the lack of relief from this Court and the State of California has "driven [plaintiff] to reach out to Director Kash Patel." (Id.) Plaintiff contends that because his first request for relief was to have an investigation conducted, the Court knows what's going on, and thus, plaintiff seeks $1.5 billion because of the Court's negligence, to be paid by the State of California to plaintiff in 31 days. (Id. at 1-2.) Plaintiff also asks that the "Shasta County Sheriff's Office Rape Club" be "shut down within 24 hours of the Court reading plaintiff's "Amended Complaint," and if it is not, plaintiff will file a complaint against the Eastern District of California with Director Kash Patel. (Id.)

II.     REQUEST FOR INVESTIGATION

Plaintiff is advised that "[f]ederal courts are courts of limited jurisdiction," "which is not to be expanded by judicial decree," and it is "presumed that a cause lies outside this limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). The party invoking the jurisdiction of the federal court bears the burden of establishing that the court has the authority to grant the relief requested. Id.

In addition, Article III of the United States Constitution limits the jurisdiction of federal courts to actual cases and controversies. "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III" and contains three elements: (1) the plaintiff must have suffered an injury in fact that is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the challenged conduct; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992); see also DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 (2006). Plaintiff also bears the burden of establishing standing. See Friends of the Earth, Inc. v. Laidlaw

Env't Servs. (TOC), Inc., 528 U.S. 167, 180 (2000); Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 946 (9th Cir. 2011) (en banc).

In light of the above, plaintiff has not demonstrated that this Court has the authority to investigate generalized allegations of corruption or crimes, no matter how repugnant. Further, plaintiff does not have standing to raise claims on behalf of women victimized in the Shasta County Jail; rather, each woman must pursue her own claims through her own civil rights action. Therefore, while plaintiff is upset about the alleged corruption and other incidents he observed while housed at the Shasta County Jail, plaintiff fails to demonstrate that this Court has jurisdiction over such generalized allegations, or that he has standing to raise a particular claim arising therefrom in federal court.

Plaintiff's amended complaint fails to address the deficiencies identified in the April 8, 2025 screening order. (ECF No. 11.) Plaintiff has not alleged personal involvement by any specific individual. See Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (liability under § 1983 must be based on the personal involvement of the defendant). Thus, in order to proceed with this action, plaintiff must file a second amended complaint that complies with the screening order. (Id.)

III.   ABSTENTION

In the screening order, the Court found that plaintiff's claim that he is being subjected to false criminal charges is barred by Younger v. Harris, 401 U.S. 37, 43-44 (1971). (ECF No. 11 at 4-5.) Plaintiff has now been convicted. (ECF No. 13 at 1.) Plaintiff was transferred to state prison on April 10, 2025.[1]

As plaintiff was advised in the April 8, 2025 order, the Younger abstention doctrine applies while a case works its way through the state appellate process. (ECF No. 11 at 5 (citing

---

[1] This information was obtained from the CDCR Inmate Locator website, https://ciris.mt.cdcr.ca.gov/ (accessed Apr. 25, 2025). The Court may take judicial notice of public records available on online inmate locators. See United States v. Basher, 629 F.3d 1161, 1165 (9th Cir. 2011) (taking judicial notice of Bureau of Prisons' inmate locator available to the public); see also Foley v. Martz, 2018 WL 5111998, at *1 (S.D. Cal. Oct. 19, 2018) (taking judicial notice of CDCR's inmate locator).

New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 368-69 (1989) ("When, in a proceeding to which Younger applies, a state trial court has entered judgment, the losing party cannot, of course, pursue equitable remedies in federal district court while concurrently challenging the trial court's judgment on appeal.").)  Plaintiff may not challenge his state court conviction in federal court until he has exhausted his state court remedies.

IV.     POTENTIAL NEW CLAIM

Plaintiff now alleges that he suffered a mental breakdown as a result of witnessing the alleged corruption and crimes at the Shasta County Jail.  But even liberally construing such allegation, plaintiff has not provided sufficient facts, including when it happened, or named a responsible individual, to determine whether plaintiff could state a cognizable deliberate indifference claim.[2]  As plaintiff was previously informed, he must allege specific charging allegations as to each named defendant who plaintiff claims violated his constitutional rights. (ECF No. 11 at 5-6.)

Moreover, under the Prison Litigation Reform Act ("PLRA"), a jail inmate alleging a mental or emotional injury must also allege at least a de minimis physical injury.  See 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury."); Oliver v. Keller, 289 F.3d 623, 627-28 (9th Cir. 2002) (holding that the qualifying physical injury need not be significant, but it must be more than de minimis); see Chappell v. Fleming, 2014 WL 793986, at *1 (E.D. Cal. Feb. 26, 2014) (dismissing plaintiff's Eighth Amendment claims for emotional harm because he failed to allege "any actual physical

---

[2] To state a deliberate indifference claim concerning medical or mental health care under the due process clause of the Fourteenth Amendment, plaintiff must allege facts demonstrating: "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries."  See Gordon v. County of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018) (stating that a showing of "deliberate indifference" amounting to "reckless disregard" is necessary to prevail on claim for inadequate medical care under Fourteenth Amendment).

injury"). Plaintiff includes no allegation in his amended complaint that he suffered physical injuries due to a particular defendant's conduct. Plaintiff's claim that he suffered a mental breakdown cannot stand alone without physical injury to support a Fourteenth Amendment claim pursuant to the PLRA. See Chick v. Lacey, 2014 WL 6819904, at *4 (E.D. Cal. Dec. 2, 2014) ("To the extent that plaintiff cites an inability to sleep, fear and 'debilitating emotional state,' these impacts are not physical in nature and cannot satisfy the physical injury requirement of section 1997e(e).").

V.  CONCLUSION

Plaintiff's filing, styled as an "Amended Complaint," fails to allege sufficient facts demonstrating plaintiff can state a cognizable civil rights claim against any particular defendant. Therefore, plaintiff's amended complaint must be dismissed. Fed. R. Civ. P. 8(a)(2). Moreover, it is unclear from plaintiff's filing whether he intends to pursue this action. However, in an abundance of caution, the Court grants plaintiff leave to file a second amended complaint. In the alternative, plaintiff may choose to voluntarily dismiss this action.

VI.  LEAVE TO AMEND

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the amended complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez

v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In order to ensure that plaintiff provides all the information required to bring a civil rights action, plaintiff is encouraged to use the complaint form provided with this order.

**In accordance with the above, IT IS HEREBY ORDERED that:**

1. Plaintiff's amended complaint (ECF No. 13) is dismissed.

2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Election and submit the following documents to the court:

   a. The completed Notice of Election;

   b. If plaintiff elects to amend, an original of the Second Amended Complaint. Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint must also bear the docket number assigned to this case and must be labeled "Second Amended Complaint." Failure to file a second amended complaint in accordance with this order, or to respond to this order, will result in a recommendation that this action be dismissed.

3. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated: April 28, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/abre0813.14b

6

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BLUE F.C. ABREU,

        Plaintiff,

  v.

SHASTA COUNTY SHERIFF'S OFFICE, et al.,

        Defendants.

No. 2: 25-cv-0813 CSK P

NOTICE OF ELECTION

    In compliance with the court's order filed on _____ (date), plaintiff elects to proceed as follows:

☐    Second Amended Complaint

(Check this box if submitting a second Amended Complaint)

☐    Plaintiff voluntarily dismisses this case.

(Check this box if electing to voluntarily dismiss this action without prejudice.

DATED:

_____
Plaintiff