1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11      BLUE F.C. ABREU,                                No.  2:25-cv-0813 CSK P

12                      Plaintiff,

13            v.                                         ORDER AND FINDINGS AND
                                                         RECOMMENDATIONS
14      SHASTA COUNTY SHERIFF'S OFFICE,
        et al.,

15

16                      Defendants.

17

18            Plaintiff, now a state prisoner, was formerly a Shasta County jail inmate.  Plaintiff's

19      second amended complaint is before the Court.  As discussed below, the Court recommends that

20      this action be dismissed without prejudice based on plaintiff's failure to exhaust administrative

21      remedies.

22      I.      PLAINTIFF'S ALLEGATIONS

23            In his first claim, plaintiff alleges that defendant Simmons lied to get plaintiff arrested for

24      a crime plaintiff did not commit, and then corroborated those lies with defendant Schieble to

25      "further" plaintiff's "false arrest."  (ECF No. 17 at 3.)  In his second claim, plaintiff alleges that

26      defendant Schieble falsified plaintiff's arrest report because plaintiff reported government and

27      law enforcement's involvement in sex trafficking and slavery.  (Id. at 4.)  In claim three, plaintiff

28      alleges he wanted Shasta County law enforcement and local government to protect plaintiff's

                                                        1

1   rights from being violated by gang-stalker who financed his crimes with human trafficking and

2   sex slavery, but instead was put in jail where he witnessed the Shasta County Sheriff's Office

3   running a sex slave operation.  (Id. at 5.)  In all three claims, plaintiff marks "retaliation" as the

4   issue.  (Id. at 3-5.)  In addition, in all three claims, plaintiff admits that Shasta County Jail has

5   available administrative remedies, and states he did not submit a request for administrative relief

6   as to any of the three claims, and did not appeal any claim to the highest level.  (Id.)  Plaintiff

7   states he did not file an administrative grievance because he was giving this Court a chance to

8   investigate plaintiff's claims.  (Id.)  Plaintiff seeks money damages.  (Id. at 6.)

9   II.      EXHAUSTION REQUIREMENTS

10          Pursuant to the initial screening of a complaint under 28 U.S.C. § 1915A, a court may

11  dismiss an action for failure to exhaust administrative remedies.  See Bennett v. King, 293 F.3d

12  1096, 1098 (9th Cir. 2002) (affirming district court's sua sponte dismissal of prisoner's complaint

13  because he failed to exhaust his administrative remedies).  Thereafter, failure to exhaust is an

14  affirmative defense that must be raised and proved by the defendant.  Wyatt v. Terhune, 315 F.3d

15  1108, 1112 (9th Cir. 2003).

16          A.  The Prison Litigation Reform Act

17          It is well established that the Prison Litigation Reform Act ("PLRA") requires that a

18  prisoner exhaust his available administrative remedies before bringing a federal civil rights

19  action.  See 42 U.S.C. § 1997e(a); Ross v. Blake, 578 U.S. 632, 638-39 (2016); Jones v. Bock,

20  549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA

21  and that unexhausted claims cannot be brought in court."); Griffin v. Arpaio, 557 F.3d 1117, 1119

22  (9th Cir. 2009).  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison

23  life, whether they involve general circumstances or particular episodes, and whether they allege

24  excessive force or some other wrong."  Bennett v. King, 293 F.3d at 1098 (internal quotation

25  marks omitted) (citing Porter v. Nussle, 534 U.S. 516, 532 (2002) (exhaustion requirement

26  applies to all prisoner suits relating to prison life).)  "[A] prisoner must 'complete the

27  administrative review process in accordance with the applicable procedural rules, including

28  deadlines, as a precondition to bringing suit in federal court.'"  Harvey v. Jordan, 605 F.3d 681,

1    683 (9th Cir. 2010) (quoting Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009)).

2    Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief

3    offered by the process, unless "the relevant administrative procedure lacks authority to provide

4    any relief or to take any action whatsoever in response to a complaint." Booth v. Churner, 532

5    U.S. 731, 736, 741 (2001); Ross, 578 U.S. at 640, 642-43.  An untimely or otherwise

6    procedurally defective appeal will not satisfy the exhaustion requirement.  Woodford v. Ngo, 548

7    U.S. 81, 90-91 (2006).  The Supreme Court has explained that the PLRA's

8
9
10
11

> language is "mandatory":  An inmate "shall" bring "no action" (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies. . . . [T]hat edict contains one significant qualifier: the remedies must indeed be "available" to the prisoner. But aside from that exception, the PLRA's text suggests no limits on an inmate's obligation to exhaust -- irrespective of any "special circumstances."

12    Ross, 578 U.S. at 638-39 (internal citations omitted).

13         B.  Shasta County's Inmate Grievance Process

14         According to the Shasta County Jail website, inmates complete inmate grievances and

15    request forms using the inmate tablets provided in each housing unit.  Shasta County Sheriff's

16    Office, Policy 509, "Inmate Handbook and Orientation,"

17    https://www.shastacounty.gov/media/39616, at 10, 24.  If the inmate is dissatisfied with the

18    response, which is provided on the tablet, the inmate may appeal to the Watch Commander.  Id. at

19    24.  The Watch Commander has one week to provide the response.  Id.

20         C.  Discussion

21         Here, it is obvious from the face of plaintiff's second amended complaint that he did not

22    exhaust his administrative remedies prior to bringing this action because he concedes that he did

23    not.  (ECF No. 17 at 3-5.)  As noted in Ross, there are no special circumstances excusing

24    exhaustion; therefore, plaintiff's misunderstanding concerning the Court's role in investigating

25    plaintiff's claims is unavailing.  The Court finds that plaintiff failed to exhaust his claims against

26    defendants prior to filing this action.  Because plaintiff must administratively exhaust his claims

27    before again bringing them before this Court in a civil rights action, the undersigned recommends

28    dismissal of the second amended complaint without leave to amend, but recommends dismissing

1  the action without prejudice to plaintiff filing a new civil rights complaint once he has exhausted

2  his administrative remedies.

3  III.    CONCLUSION

4       In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is

5  directed to assign a district judge to this case.

6       Further, IT IS RECOMMENDED that this action be dismissed without prejudice.  See

7  Local Rule 110; Fed. R. Civ. P. 41(b).

8       These findings and recommendations are submitted to the United States District Judge

9  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

10  after being served with these findings and recommendations, plaintiff may file written objections

11  with the court and serve a copy on all parties.  Such a document should be captioned

12  "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that

13  failure to file objections within the specified time may waive the right to appeal the District

14  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

15

16  Dated:  May 14, 2025

17  _____

CHI SOO KIM

18  UNITED STATES MAGISTRATE JUDGE

19  1/abre0813.56

20

21

22

23

24

25

26

27

28

4