UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUE F.C. ABREU,<br><br>    Plaintiff,<br><br>    v.<br><br>SHASTA COUNTY SHERIFF'S OFFICE, et al.,<br><br>    Defendants. | No. 2:25-cv-0813 DC CSK P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 14, 2025, the Court recommended that this action be dismissed because it was apparent from the face of plaintiff's second amended complaint that he failed to exhaust his administrative remedies. (ECF No. 18.) On May 27, 2025, plaintiff filed objections in which he explained that he attempted to exhaust his administrative remedies, but his efforts were thwarted by jail staff. (ECF No. 19.) Because the exhaustion of administrative remedies is an affirmative defense, the findings and recommendations are vacated, and the Court will screen plaintiff's second amended complaint.

As discussed below, the Court finds that plaintiff fails to state a cognizable civil rights claim and recommends that this action be dismissed without leave to amend.

1

I.  SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

II.  THE CIVIL RIGHTS ACT

To state a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal

connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury. Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

III.     PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff names the following defendants: Daniel William Simmons, owner of Roosters Landing, Anderson, CA; Micah B. Schiebei, Deputy Sheriff, Shasta County Sheriff's Office; Shasta County Sheriff; and the Eastern District of California. (ECF No. 17 at 2.)

In his first claim, plaintiff alleges that a man named Daniel Williams Simmons lied to get plaintiff arrested for a crime he did not commit, and then corroborated his lies with defendant Sheriff Officer Micah B. Schiebei. (ECF No. 17 at 3.) As violations, plaintiff writes "every single one of them," and claims the issue involved is retaliation. As injury, plaintiff claims false imprisonment, tased for a peaceful protest, loss of money and time away from family, and exposure to the rape of helpless victims. (Id.)

In his second claim, plaintiff alleges defendant Micah B. Schiebei falsified an arrest report to have plaintiff arrested because plaintiff stood up to the involvement of local government and law enforcement in sex trafficking and domestic sex slavery. (Id. at 4.) As violations, plaintiff writes "every single one of them," and claims the issue involved is retaliation. As injury, plaintiff claims false imprisonment, tased for a peaceful protest, loss of money and time away from friends and family, and exposure to the rape of helpless victims, and being made into a victim for wanting his rights protected. (Id.)

In his third claim, plaintiff alleges that because he wanted Shasta County law enforcement and local government to protect plaintiff's rights from being violated by a "gang-stalker that

3

1  financed crimes" with human trafficking and sex slavery, plaintiff was put in the Shasta County
2  Jail where plaintiff witnessed them running a sex slave operation and the victims were not
3  allowed to file "and complaints that the Eastern District of California then used to dismiss
4  [plaintiff's] claim also saying [plaintiff] somehow victimized [him]self because [plaintiff] did not
5  let them know in some right correct way." (Id. at 5.)  As violations, plaintiff writes "every single
6  one of them," and claims the issue involved is retaliation.  As injury, plaintiff claims false
7  imprisonment, tased for a peaceful protest, loss of money, and exposure to the rape of helpless
8  victims, and being made into a victim for wanting his rights protected.  (Id.)

   Plaintiff seeks money damages.  (Id. at 6.)

## IV.   FIRST AMENDMENT STANDARDS

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so."  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  A viable retaliation claim in the prison context has five elements:  "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

## V.   DISCUSSION

### A.   Improper Defendants

Plaintiff names Daniel William Simmons and "the Eastern District of California" as defendants.  However, plaintiff includes no allegations demonstrating that these defendants acted under color of state law.[1]  See West, 487 U.S. at 48.

///

---

[1] Indeed, it is unclear why plaintiff named "Eastern District of California" as a defendant, although his reference to the "Eastern District of California" in his third claim suggests he disagreed with the Court's prior screening order.  To the extent that plaintiff attempts to sue the United States District Court for the Eastern District of California, it is well settled that the United States is immune from suit, and federal courts, as part of the federal government, cannot be sued without their consent.  See United States v. Sherwood, 312 U.S. 584, 586 (1941).

B. Abstention

In the initial screening order, the Court found that plaintiff's claim that he is being subjected to false criminal charges is barred by Younger v. Harris, 401 U.S. 37, 43-44 (1971). (ECF No. 11 at 4-5.) Plaintiff has now been convicted. (ECF No. 13 at 1.) Plaintiff was transferred to state prison on April 10, 2025. (ECF No. 16 at 3.) State court records show that plaintiff's appeal from his conviction for assault with a deadly weapon is currently pending.[2] People v. Abreu, No. C103487 (Cal. 3d App. Dist.).

As plaintiff was advised in the April 8, 2025 order, the Younger abstention doctrine applies while a case works its way through the state appellate process. (ECF No. 11 at 5 (citing New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 368-69 (1989) ("When, in a proceeding to which Younger applies, a state trial court has entered judgment, the losing party cannot, of course, pursue equitable remedies in federal district court while concurrently challenging the trial court's judgment on appeal.").) Plaintiff may not challenge his state court conviction in federal court until he has exhausted his state court remedies.

C. Illegal Arrest

Plaintiff references false imprisonment, claims Daniel William Simmons lied to get plaintiff arrested, but then claims that defendant Officer Micah B. Schiebei falsified an arrest report to have plaintiff arrested because plaintiff stood up to the involvement of local government and law enforcement in sex trafficking and domestic sex slavery. To state a § 1983 claim for illegal arrest, plaintiff must show that defendant made the arrest without probable cause or other justification. Gravelet-Blondin v. Shelton, 728 F.3d 1086, 1097 (9th Cir. 2013). Here, although plaintiff claims he was arrested for a crime he did not commit, he does not assert that the defendant officer had no probable cause to arrest plaintiff, if it was Officer Micah B. Schiebei who arrested plaintiff.

---

[2] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010). The address of the official website of the California state courts is www.courts.ca.gov.

The Court need not grant plaintiff further leave to amend to attempt to state a putative Fourth Amendment illegal arrest or false imprisonment claim because plaintiff was subsequently convicted. Thus, any Fourth Amendment challenge to the arrest or detention resulting in plaintiff's conviction is now barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). See Wallace v. Kato, 549 U.S. 384, 393 (2007). To the extent plaintiff seeks to impugn the facts leading to his current conviction, Heck requires dismissal. Id. at 393-94.

### D. No Charging Allegations

Plaintiff included no charging allegations as to defendant Shasta County Sheriff.

### E. Failure to State a Claim

The remainder of plaintiff's allegations fail to state a cognizable civil rights claim. Although plaintiff claims "retaliation," he sets forth no facts demonstrating that a state actor took some adverse action against plaintiff because of his protected conduct, and that such action chilled plaintiff's exercise of his First Amendment rights, and that the action did not reasonably advance a legitimate correctional goal. See Rhodes, 408 F.3d at 567-68.

Plaintiff objects that others were victimized in his presence while he was held in the Shasta County Jail, but plaintiff does not have standing to pursue claims on their behalf.

### F. Conclusion

For all of the above reasons, plaintiff's second amended complaint must be dismissed.

## VI. LEAVE TO AMEND

Plaintiff has had multiple opportunities to cure the deficiencies in his pleadings, and amended his complaint on two occasions. (ECF Nos. 13, 17.) In two prior screening orders, the Court instructed plaintiff on the applicable law and pleading requirements. (ECF Nos. 11, 16.) Despite affording plaintiff multiple opportunities to correct the deficiencies in his original complaint, the second amended complaint fails to adequately state any plausible § 1983 claim. The undersigned finds any further leave to amend would be futile. Since his original complaint, this is plaintiff's second attempt at filing a complaint alleging cognizable claims and he is no closer to meeting the federal pleading standards. Thus, the undersigned recommends the district court dismiss the second amended complaint without further leave to amend. McKinney v. Baca,

250 F. App'x 781, 781 (9th Cir. 2007) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (noting discretion to deny leave to amend is particularly broad where court has afforded plaintiff one or more opportunities to amend his complaint).

VII.   ORDERS AND RECOMMENDATIONS

Accordingly, IT IS HEREBY ORDERED that the findings and recommendations (ECF No. 18) are vacated.

Further, IT IS RECOMMENDED that this action be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 7, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/abre0813.56